AGENJO ET AL., PLAINTIFFS AND APPELLEES, *v.* SANTIAGO ROSA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action to Annul a Contract, etc.

No. 1531.—Decided July 27, 1918.

CONVEYANCE—PROPERTY OF MINORS—AUTHORIZATION OF COURT—JURISDICTION.—
Deeds conveying property of minors executed by authorization of the district court of the district in which the property is not situated are not null and void, for that court has jurisdiction of the subject-matter and also competency to grant such authorization by virtue of the submission of the parties, according to sections 76 and 77 of the Code of Civil Procedure which were taken from the former Spanish Law of Civil Procedure.

ID. — ID. — ID. — JURISDICTION — EX PARTE PROCEEDING. — The Supreme Court of Spain and the General Directorate of Registries have established the general rule that in matters *ex parte* the law gives jurisdiction to the court

to which application is made; and as the authorization to convey property belonging to minors is an *ex parte* proceeding, the said doctrine is applicable to such authorization.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellants.

*Mr. Manuel Tous Soto* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 27, 1913, the minor plaintiffs, Félix Fabián, José Felipe, Vicente Luis, Angela Alejandra, Elena Wencesla, Esperidión Doroteo, Juan Pedro, Gumersinda Aurora and María Estrella Agenjo Santiago, represented by their guardian *ad litem,* José Hernández Zeno, filed a complaint in the District Court of Humacao against Juana Agenjo, *née* Santiago Rosa, and Joaquín Ramos Ferro, with a prayer for judgment annulling the sale of the Santa Rosa property, described in the complaint, made by Juana Agenjo in representation of her minor children, the plaintiffs, to Joaquín Ramos Ferro; also annulling the record of the said contract of sale in the Registry of Property of Caguas, and ordering that defendant Ramos Ferro deliver to the plaintiffs the said property free of encumbrance, together with the mesne profits up to the date of the complaint and until such delivery of the property to the plaintiffs, without any obligation on the part of the plaintiffs to return any part of the money paid by Ramos Ferro as the purchase price of the property.

Defendant Ramos Ferro demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, but his demurrer was overruled and he answered the complaint within the ten days allowed him for that purpose.

Juana Agenjo did not enter appearance, nor is it shown that she was summoned.

Later, defendant Ramos Ferro moved that Sellés Brothers & Nephew be made parties defendant because they held a mortgage on the Santa Rosa property and the complaint

prayed for the restoration of the property .free of encumbrance. The court sustained the motion and Sellés Brothers & Nephew appeared and answered the complaint.

The case was brought to trial and the parties having submitted their evidence, the court rendered judgment on August 7, 1915, holding that the contract of sale of the Santa Rosa property and as a consequence the record thereof in the Registry of Property of Caguas should be considered null and void, and therefore adjudged that defendant Joaquín Ramos Ferro should restore the said property to the plaintiffs free of encumbrance, together with all of its accessories and the profits received and to be received up to the time of such delivery of the property. It was ordered also that the Registrar of Caguas should cancel the record of the contract of sale made by Juana Santiago Rosa in favor of Joaquín Ramos Ferro as soon as the judgment became final, the plaintiffs to return to Ramos Ferro the sum of $600 paid by Juana Santiago Rosa to José S. Alonso. The costs were imposed upon the defendants.

From that judgment defendants Joaquín Ramos Ferro and Sellés Brothers & Nephew appealed.

In the opinion which served as a basis for its judgment the court made the following findings of fact:

1. That the Santa Rosa property referred to in the complaint is situated in the municipal district of San Lorenzo of the judicial district of Humacao.

2. That in the month of September, 1910, and while the District Court of Humacao was in vacation, the judge thereof, Hon. Jorge V. Domínguez, was given leave to absent himself from the Island.

3. That during that time the District Court of San Juan authorized Juana Santiago Rosa to alienate the joint interests elonging to her minor children, the plaintiffs herein, in the Santa Rosa property, and under such authorization Juana Santiago Rosa sold the Santa Rosa property to defendant Joaquín Ramos Ferro.

4. That by authorization of the said District Court of San Juan, given on October 22, 1910, the said Juana Santiago Rosa assigned to Sellés Brothers & Nephew the mortgage lien created by Joaquín Ramos Ferro to secure the sum of $5,000, which was the purchase price of the property agreed upon.

5. That from the time of its alienation up to the date of the trial the Santa Rosa property has been leased for the sum of $55 monthly and Joaquín Ramos Ferro has received the same since that time.

6. That out of the purchase price Juana Santiago has paid to José S. Alonso a debt of $600 contracted by Fabián Agenjo, the predecessor in interest of the plaintiffs, and other debts contracted by her with other persons.

The fundamental question of law to be considered and decided in this case, all other questions being subordinate to this, is whether the deed conveying the Santa Rosa property and the assignment of the mortgage lien created thereon, executed in September and October, 1910, respectively, with the authorization of the District Court of San Juan and not that of the District Court of Humacao, in which district said property is situated, are void because of the invalidity of the authorizations, and whether in consequence thereof the said property should be restored to the minor plaintiffs free of encumbrance, with such other relief as was prayed for in the complaint and granted in the judgment appealed from.

That question must be considered in connection with section 229 of the Revised Civil Code, as amended by the act of March 14, 1907 (p. 284), which was in force in the months of September and October, 1910, when the District Court of San Juan granted the two authorizations referred to, and sections 76 and 77 of the Code of Civil Procedure, which also are applicable to the case.

The said sections read as follows:

"The exercise of the *patria potestas* does not authorize the father or mother to alienate or burden real property which in any manner belongs to the child, and over which either of them have the administra-

tion, except after securing judicial authorization, which shall be accorded by the district court of the judicial district where said property is situated, upon proof being furnished as to the necessity or utility of such transfer or burden.   *   *   *  " Civil Code, sec. 229.

"In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may arise, when the parties may have agreed to submit the suit to (the) decision of (such) court.

"The submission shall be understood to be made:

"1. By the written agreement of the parties.

"2. By the plaintiff through the mere act of applying to the court and filing the complaint." Code of Civ. Proc. secs. 76, 77.

The Act Relating to Special Legal Proceedings of March 9, 1905 (p. 138), by section 80 provides that in all cases where, according to the provisions of the Civil Code, the parents or the tutor of a minor shall be in need of judicial authorization to do anything relative to the keeping of said minor or of his property, a petition shall be filed in the district court of competent jurisdiction setting forth under oath the necessity or utility for the minor of the act petitioned for and the cause of the petition. As is seen, that section establishes no rule of jurisdiction in the cases to which it refers.

After making a comparative study of the sections copied from the Civil Code and from the Code of Civil Procedure we arrive at the conclusion that the District Court of San Juan had not only jurisdiction of the cause, but also territorial jurisdiction to grant the authorizations petitioned for by Juana Santiago Rosa.

According to the laws of Spain, which govern the present case, jurisdiction, as defined by the distinguished commentator Manresa y Navarro in his Commentaries on the Spanish Code of Civil Procedure, is the authority with which the judges are invested to administer justice, and competency is the authority which they have to take cognizance of certain matters, either on account of the very nature of the thing involved or by reason of the persons. The former is the genus and the latter the species. Jurisdiction always emanates directly and

immediately from the law.   No one can exercise it unless the law has given him that authority.   Only. the persons who have been given such authority according to law have jurisdiction and can administer justice; but the competency of a judge to take cognizance of a matter, although derived also from the law, sometimes originates directly, immediately and exclusively from the law and at other times .from the will of the parties.   The former case is the general rule and the latter the exception.   *Garcés* v. *Franceschi,* I. S. P. R. 282; *Bayron et al.* v. *García et al.,* 17 P. R. R. 512.

All of the district courts of Porto Rico have jurisdiction to grant authority for the alienation of property belonging to minors, albeit, according to said section 229, only the district court of the district wherein the property is, situated has territorial jurisdiction for that purpose, but such territorial jurisdiction, which by its nature is adjective or procedural in character, is conferred upon them by said sections 76 and 77 of the Code of Civil Procedure when there is submission, as in the present case, in which Juana Santiago Rosa petitioned the District Court of San Juan for authority to alienate real property belonging to her minor children.

In considering the case of *Gómez* v. *Toro,* 23 P. R. R. 596, we construed sections 76 and 77 of our Code of Civil Procedure in connection with articles 56, 57 and 58 of the old Law of Civil Procedure, which read as follows:

"Art. 56.—Any judge impliedly or expressly agreed upon by the litigants shall be competent to take cognizance of the suits arising from actions of all kinds.

"This submission, however, can only be made to a judge exercising ordinary jurisdiction and who is competent to take cognizance of questions similar to the same kind as the one submitted.

"Art. 57.—By an express submission shall be understood that made by the parties in interest clearly and in definite terms renouncing their own rights, and unequivocally designating the judge agreed upon to determine the question.

"Art. 58.—An implied submission is made:

"1. By the plaintiff, by the act of filing his complaint before the judge.

"2. By the defendant when, after his appearance is entered in the action, he takes any further steps therein, except to formally object to the jurisdiction of the judge by declinature."

We then said:

"As may be seen, section 76 of the new code is the same as article 56 of the old law. The final paragraph of the latter is condensed in the words 'In accordance with its jurisdiction' of the former, and instead of the words 'expressly or impliedly' of the first paragraph of article 56, section 76 refers to submission in general.

"Section 77 of the new code includes all the cases covered by articles 57 and 58 of the former code, but, following the limitations of article 56, the Spanish legislators define in articles 57 and 58 cases of express and implied submission, while the Porto Rican legislators, in harmony with the provision of section 76, include in section 77 all cases of submission in general, although it is clear that subdivision 1 of section 77 covers express submission and subdivisions 2 and 3 of the same refer to implied submission, with the only difference that according to the present code an agreement in writing to that effect is sufficient to constitute submission, whereas under the old law it was necessary to waive the statutory jurisdiction and designate the court to which the parties submitted. * * * For this reason, although our present Code of Civil Procedure is almost entirely of American origin, its sections 76 and 77 can easily subsist with their old construction." *Gómez* v. *Toro, supra.*

And the old construction which the Supreme Court of Spain established in its judgments of July 22 and September 30, 1875, October 6, 1876, and June 2, 1877, is that in matters of *ex parte* jurisdiction the question of territorial jurisdiction is not considered because the law confers this upon the court in which the petition is filed. This doctrine was followed by the General Directorate of Registries of Spain in its decisions of January 22, 1886, May 9, 1889, and February 8, 1907, as well as by this court on March 25, 1905, in the administrative appeal of *Solá* v. *Registrar of Property of Caguas,* 8 P. R. R. 205. Those judgments and decisions establish as a general

rule, without stating exceptions, that in matters of *ex parte* jurisdiction the law gives territorial jurisdiction to the judge to whom application is made, and as authorization to alienate property of minors is considered in *ex parte* jurisdiction, the foregoing doctrine is also applicable to such authorization. We have applied the same doctrine to-day in deciding cases Nos. 1498 and 1499, *Martorell y Torrens et al.* v. *J. Ochoa & Brother et al.,* to which we refer.

For the foregoing reasons the judgment appealed from should be reversed and another rendered dismissing the complaint without special imposition of costs.

*Reversed.*

Justices del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.

Mr. Justice Wolf dissented.